UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-00091-TBR-LLK

| | |
|---|---|
| DANIEL W. ROGERS | PLAINTIFF |
| v. | |
| BOYCE EZELL and<br>JOHN S. YOUNG | DEFENDANTS |

## OPINION AND ORDER

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. (Docket # 8).

Defendants Boyce Ezell and John S. Young filed a Motion to Produce a complete copy of the call for services, 911 call recording, and radio traffic, regarding the incident of June 19, 2017 concerning Christian County Sheriff Office INC No. 201700012744; Case No. 00017000492; Incident No. 000001704865 from the Hopkinsville-Christian County Emergency Communications Center pursuant to KRS 65.752 (3). (Docket # 11). Fully briefed, this Motion is ripe for adjudication. For reasons detailed below, Ezell and Young's Motion to Produce is DENIED WITHOUT PREJUDICE.

## Background

This action arises out of a collision between Plaintiff Rogers and Defendant Ezell on June 19, 2017 in Christian County, Kentucky. During the collision, Plaintiff Rogers operated a 2016 R1 Yamaha motorcycle, while Defendant Ezell operated a 2014 Polaris Sportsman all-terrain vehicle (ATV). (Docket #1). Plaintiff Rogers brought a cause of action based on negligence, asserting that Defendant Ezell's operation of the ATV on a Kentucky public highway constituted

negligence per se, and that Defendant Young's ownership of the ATV makes him vicariously liable for Defendant Ezell's actions. (Id.).

At the time of the collision, Plaintiff Rogers was operating a motorcycle in a group with four others, two of whom have been identified as Daniel DeGracia and Jonathan Monroy. (Docket #11). The identity of the other two operators is not known. (Id.). Counsel for Plaintiff Rogers retained Stidham Reconstruction and Investigation, LLC ("Stidham") to conduct an accident reconstruction. (Id.). Stidham sent an Open Records Act request to the Hopkinsville-Christian County Emergency Communication Center, ("Hopkinsville-Christian County ECC") the 911 service provider, seeking the contents of the emergency services call. (Id.). The Hopkinsville-Christian County ECC advised that they could not provide all information requested, pursuant to KRS 65.752. (Docket #11-1). Specifically, they could not provide the recordings, identifications, or phone numbers of any callers reporting the accident. (Id.).

**Analysis**

Defendants ask this Court to compel production of information and documentation, including the statements during the emergency services call. (Docket #11). They allege that this information is subject to production pursuant to KRS 65.752(3). (Id.). Further, they allege that this information is vital to the identification of witnesses and discovery processes in this case. (Id.).

However, KRS 65.752(3) only requires retention of certain information, and it does not have a production provision:

> In areas where fully enhanced 911 service has been implemented, the service supplier shall maintain the confidentiality and privacy of all information contained in the ALI/DBS including any information that identifies telephone calls made from extension on DPTS, except when the release of the information is ordered by a court of competent jurisdiction.

2

KRS 65.752.

Therefore, the only statutory authority presented by the Defendants for their motion is the Kentucky Open Records Act. The Open Records Act was adopted in 1976 with a preamble stating that "access to information concerning the conduct of the peoples' business is a fundamental and necessary right of every citizen in the Commonwealth of Kentucky." Util. Mgmt. Grp., LLC v. Pike Cty. Fiscal Court, 531 S.W.3d 3, 7-8 (Ky. 2017) (quoting 1976 Ky. Acts Chapter 273). The Act applies to any entity qualifying as a "public agency" under KRS 61.870(1) including state or local government officials, departments, commissions, boards and special district boards. Id. at 8. The parties do not dispute that the ECC is a "public agency" subject to the Act.

KRS 61.872(1) provides that "all public records shall be open for inspection by any person" and KRS 61.872(2) elaborates that "any person shall have the right to inspect public records." Id. at 11-12. A "public record" includes "all books, papers, maps, photographs, cards, tapes, discs, diskettes, recordings, software, or other documentation regardless of physical form or characteristics, which are prepared, owned, used, in the possession of or retained by a public agency." KRS 61.870(2). Enumerated under those exceptions in KRS 61.878(1) are "public records or information on the disclosure of which is prohibited or restricted or otherwise made confidential by enactment of the General Assembly." Id.

Defendants fail to provide any case law or other authority in support of its argument that this Court may order the Hopkinsville-Christian County ECC to produce records pursuant to a previous open records request. First, the statute authorizes Kentucky circuit courts, not federal district courts, to enforce actions regarding open records requests. KRS 61.882(1) provides that

3

"[t]he Circuit Court of the county where the public agency has its principal place of business or the Circuit Court of the county where the public record is maintained shall have jurisdiction to enforce the provisions of KRS 61.870 to 61.884, by injunction or other appropriate order on application of any person." Defendants have provided no authority that shows that a federal district court may require a public agency to produce public records pursuant to an open records request. Second, the statute contemplates not only that the public agency bears the burden of proof but, importantly in this case, that they be a party to the action. KRS 61.882(3) provides that "In an original action or an appeal of an Attorney General's decision, where the appeal is properly filed pursuant to KRS 61.880(5)(a), the burden of proof shall be on the public agency…" In this case, the Hopkinsville-Christian County ECC is not a party to this action. Furthermore, this Court has not issued a subpoena to the Hopkinsville-Christian County ECC for the witness statements.

This Court is unaware of any authority authorizing it to require a third party to produce documents outside of a motion to compel production pursuant to Fed.R.Civ.P. 45 after the third party has failed to comply with a subpoena issued by this Court. To find otherwise could result in the Court ordering a non-party to take action without the non-party having the opportunity to object.

### Conclusion

IT IS HEREBY ORDERED that Ezell and Young's Motion to Produce (Docket # 11) is DENIED WITHOUT PREJUDICE.

March 18, 2019

**Lanny King, Magistrate Judge**
**United States District Court**

c: Counsel